UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| JOHNNY HEDGEMON | * | CIVIL ACTION NO.  16-0400 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| EMERALD CORRECTIONAL MANAGEMENT AND JODY MCJIMSEY | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel discovery responses [doc. # 16], as supplemented [doc. # 23], plus an associated request for sanctions/expenses and fees, filed by defendants Emerald Management and Jody McJimsey.  The motion is opposed.  For reasons detailed below, the motion is GRANTED IN PART and DENIED IN PART.[1]

## Background

On September 15, 2015, Johnny Hedgemon filed the instant suit against Emerald Management ("EMC") and Jody McJimsey in the 6th Judicial District Court for the Parish of East Carroll, State of Louisiana.  Defendants subsequently removed the case to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (Notice of Removal).  Hedgemon seeks to recover damages for his arbitrary and capricious termination from employment as a warden at the East Carroll Detention Center in violation of Title VII of the Civil Rights Act of 1964 and

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

Louisiana Revised Statute 23:332, et seq.

In compliance with the court's Civil Case Management Order ("CCMO"), the parties herein held their Rule 26(f) conference on May 24, 2016.  *See* CCMO [doc. # 3] and Rule 26(f) Case Mgmt. Report [doc. # 12].  Thus, they were required to exchange initial disclosures by June 7, 2016 (within 14 days after the conference).  *See* CCMO and Fed.R.Civ.P. 26(a)(1)(C).[2] Plaintiff, however, failed to provide defendants with his initial disclosures.  After inquiry by defendants, plaintiff eventually provided defendants with his initial disclosures on August 11, 2016.  Nonetheless, plaintiff's initial disclosures neither included a computation of damages, nor provided defendants with an opportunity to copy the records, electronically stored information and tangible things that might be used to support plaintiff's claims.[3]  Despite inquiry by defendants, plaintiff did not supplement his responses.[4]

Meanwhile, on July 26, 2016, defendants served plaintiff Interrogatories and Requests for Production of Documents.[5]  Thus, the discovery responses were due by August 25, 2016.[6]  When, by August 29, 2016, defendants had not received plaintiff's discovery responses, defense counsel emailed counsel for plaintiff, inquiring as to the status of the discovery responses, and set a Rule

_____

[2]  The parties, however, apparently granted themselves an extension of time until June 15, 2016.  (Rule 26(f) Case Mgmt. Report [doc. # 12]).  Defendants then obtained from plaintiff an extension of time, effectively until June 27, 2016, in which to provide plaintiff with their initial disclosures.

[3]  *See* Plaintiff's Rule 26 Disclosures; M/Compel, Exh. C.

[4]  *See e.g.*, Aug. 11, 2016, Email correspondence from Melissa Lessell to Catina Jackson; M/Compel, Exh. D.

[5]  *See* Interrogatories and Requests for Production of Documents; M/Compel, Exh. E.

[6]  Anticipating that plaintiff would respond timely to the discovery requests, defendants scheduled plaintiff's deposition for September 7, 2016.

37.1 conference for August 31, 2016, if responses were not received.[7]

When defense counsel attempted to contact plaintiff's counsel at the appointed time on August 31, she was advised that plaintiff's counsel was in court, and that he would return the call that afternoon.[8]  Plaintiff's counsel did not do so.  *Id.*  When defense counsel again reached out to plaintiff's counsel on the morning of September 1, 2016, she was advised that counsel was back in court.  *Id.*  Accordingly, defense counsel sent plaintiff's counsel an email on September 1, 2016, outlining the deficiencies with respect to the Rule 26 disclosures and lack of discovery responses and indicating that a motion to compel would be filed if responses were not received by Friday, September 2, 2016.  *Id.*

Counsel for the parties finally spoke on September 2, 2016.[9]  Plaintiff's counsel advised opposing counsel that he would provide defendants with at least partial responses to the discovery requests and the missing Rule 26 initial disclosure information apparently that same day.  *Id.*  Defense counsel agreed not to file a motion to compel if she received the responses and disclosures by 5:00 p.m. that day.  *Id.*

However, plaintiff did not provide defendants with the discovery response on September 2, or later that Labor Day weekend.  Accordingly, at 3:13 in the afternoon of the next business day, i.e., September 6, 2016, defendants filed the instant motion to compel discovery responses. Over one and one-half hours later, plaintiff faxed defendants his discovery responses.  (Suppl. M/Compel, Exh. 1).  Plaintiff's deposition went forward, as scheduled, on September 7, 2016.

On September 14, 2016, counsel for the parties again talked, and plaintiff's counsel

---

[7]  Aug. 29, 2016, Email correspondence from Lessell to Busari; M/Compel, Exh. F.

[8]  Sept. 1, 2016, Email correspondence from Lessell to Busari; M/Compel, Exh. G.

[9]  Sept. 2, 2016, Email correspondence from Lessell to Busari; M/Compel, Exh. H.

agreed to supplement plaintiff's responses to defendants' discovery requests.[10]  On September 21, 2016, plaintiff so complied.  (Suppl. M/Compel, Exh. 4).

Still dissatisfied with the sufficiency of the responses, defendants supplemented their motion to compel on September 26, 2016.   Plaintiff filed his opposition on October 3, 2016.  Defendants did not file a reply brief.  Accordingly, the matter is ripe.

<u>Analysis</u>

**I.      The Discovery**

a)      <u>Law</u>

Rule 26 of the Federal Rules of Civil Procedure provides that,

a party must, without awaiting a discovery request, provide to the other parties:

**(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**(iii)** a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . .

Fed.R.Civ.P. 26(a)(1)(A)(I-iii).

Furthermore, Rule 37 of the Federal Rules of Civil Procedure specifies that, "[i]f a party fails to make a disclosure required by Rule 26(a) any other party may move to compel disclosure an for appropriate sanctions."  Fed.R.Civ.P. 37(a)(3)(a).

---

[10]  Sept. 14, 2016, correspondence from Lessell to the court; Suppl M/Compel, Exh. 3.

4

Rule 33 of the Federal Rules of Civil Procedure specifies that a party may serve an interrogatory on another party that relates to any matter that may be inquired into under Rule 26(b).  Fed.R.Civ.P. 33(a)(2).  Rule 34 dictates that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . or any tangible things" that are within the "party's possession, custody, or control . . ."  Fed.R.Civ.P. 34(a)(1).

Answers to interrogatories, and any objections thereto, are due within 30 days after service, unless the court orders, or the parties stipulate to a different period.  Fed.R.Civ.P. 33(b)(2).  Similarly, a written response to a request for production, not served under Rule 26(d)(2), is due within 30 days after service, unless the court orders, or the parties stipulate to a different period.  Fed.R.Civ.P. 26(b)(2)(A).

A party seeking discovery may move for an order compelling an answer, production, or inspection if a party, *inter alia*, fails to answer an interrogatory or fails to produce requested documents.  Fed.R.Civ.P. 37(a)(3)(B)(iii-iv).  An evasive or incomplete answer or response is treated as a failure to answer or respond.   Fed.R.Civ.P. 37(a)(4).

b)    <u>Discussion</u>

In his response to defendants' supplemental memorandum, plaintiff stated that he provided defendants with a damages estimate, but that the computation would remain inaccurate until such time as defendants disclosed the payroll records for similarly situated employees.  (Pl. Opp. Memo.).  Plaintiff further represented that he produced the documents requested by defendants at his deposition.  *Id*.  Moreover, plaintiff has produced all documents in his custody and control, but he is awaiting defendants' responses to his discovery requests.  *Id*.

The court accepts plaintiff's representation that he has no further information or

documents responsive to defendants' discovery requests at this time.  The court cannot order a

party to produce that which he does not possess.  Nonetheless, plaintiff is reminded of his

ongoing obligation to supplement his discovery responses *in a timely manner*.  Fed.R.Civ.P.

26(e)(1).  If he fails to do so, and defendants are materially prejudiced thereby, appropriate

sanctions may ensue.  Fed.R.Civ.P. 37(c)(1).

## II.  Sanctions, Expenses, Costs

a)  <u>Law</u>

Rule 37 provides that if a motion to compel is granted –

*or if the disclosure or requested discovery is provided after the motion was filed*--
the court must, after giving an opportunity to be heard, require the party or
deponent whose conduct necessitated the motion, the party or attorney advising
that conduct, or both to pay the movant's reasonable expenses incurred in making
the motion, including attorney's fees. But the court must not order this payment if:

**(i)** the movant filed the motion before attempting in good faith to obtain the
disclosure or discovery without court action;

**(ii)** the opposing party's nondisclosure, response, or objection was substantially
justified; or

**(iii)** other circumstances make an award of expenses unjust.
Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

b)  <u>Discussion</u>

Here, plaintiff did not respond initially to defendants' discovery requests or provide a

damages estimate until after the instant motion was filed.  Moreover, plaintiff has not established

any other circumstances that would make an award of expenses unjust.  Accordingly, the court

finds that an award of $300 is warranted and appropriate to ameliorate at least a portion of the

reasonable expenses and fees incurred by defendants in prosecuting the instant motion.

**Conclusion**

For the foregoing reasons,

Defendants' motion to compel discovery responses [doc. # 16], as supplemented [doc. # 23], together with an associated request for sanctions/expenses and fees is hereby GRANTED IN PART and DENIED IN PART, as follows,

IT IS ORDERED that plaintiff shall supplement his discovery responses in a timely manner upon receipt of any new responsive information or materials pursuant to Fed.R.Civ.P. 26(e)(1). If necessary, defendants are authorized to retake plaintiff's deposition upon receipt of supplemental discovery responses from plaintiff

IT IS FURTHER ORDERED that within fourteen (14) days from the date of this order, plaintiff Johnny Hedgemon and/or his counsel shall remit the single sum of $300 to defendants Emerald Management and Jody McJimsey, via their counsel, and file proof of payment in the record of these proceedings within seven (7) days thereafter.

IT IS FURTHER ORDERED that the motion to compel otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 19th day of October 2016.


KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE